T.C. Memo. 1997-13


UNITED STATES TAX COURT


ESTATE OF CHARLES BAXTER SOUTHERN, SR., DECEASED,
FIRST AMERICAN TRUST COMPANY, N.A., CO-EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2249-95.                    Filed January 7, 1997.


<u>Allan J. Wade</u>, for petitioner.

<u>E. Ford Holman, Jr.</u>, for respondent.

MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  This case is before the Court on
petitioner's motion for summary judgment and respondent's motion
for partial summary judgment under Rule 121.[1]  There is no

---

[1]  All statutory references are to the Internal Revenue Code
in effect as of the date of decedent's death, and all Rule
references are to the Tax Court Rules of Practice and Procedure,
except as otherwise noted.

dispute as to any material facts. Hearing and argument of the motions was held on April 22, 1996, in Memphis, Tennessee.

Charles Baxter Southern, Sr. (decedent), died on March 14, 1991, and was survived by his spouse, Dorothy I. Southern, a daughter, two sons, and nine grandchildren. At the time of his death, decedent was a resident of Pemiscot County, Missouri. Probate of the will and administration of the estate was had in the Circuit Court (Probate Division) of Pemiscot County, Missouri. The coexecutors of decedent's estate timely filed a Federal estate tax return. The return showed a gross estate of $3,543,575.97 and deductions of $1,079,149, resulting in a net estate of $2,464,426. Adjusted taxable gifts of $35,573 were reported and when added to the estate provided a net taxable estate of $2,499,999. The tentative tax shown was $1,025,799.51. A unified credit of $192,800 and a credit for State death taxes in the amount of $135,954.08 were taken, leaving a net estate tax of $697,045.43, which was the amount paid.

Respondent determined a deficiency of $88,234 in the Federal estate tax of the Estate of Charles Baxter Southern, Sr., petitioner here. Such deficiency resulted from a $166,478.26 increase in the taxable estate. That increase resulted in part from respondent's determination that $90,000 was improperly deducted from the gross estate as part of the computation of the marital deduction. The second component of the increase is $76,478.24, an amount equal to certain of the estate's

administration expenses taken as a deduction on its fiduciary income tax return, Form 1041. Respondent determined that under the language of the will, those administration expenses must be subtracted in arriving at the residuary estate (thereby reducing the marital deduction by an equal amount). In the alternative, because there was a residuary marital share, respondent determined that payment of administration expenses from estate income (or the grant of discretion to make such payment) should decrease the marital share in an equal amount to represent the decrease in total value passing to the spouse.

The alternative determination by respondent presents essentially the same issue[2] as heard before the Supreme Court in Estate of Hubert v. Commissioner, 101 T.C. 314 (1993), affd. 63 F.3d 1083 (11th Cir. 1995), cert. granted 517 U.S. __, 116 S. Ct. 1564 (1996), argued November 10, 1996. Because the decision in that case may be controlling as to this argument, we shall not decide that issue at this time. Rather, we shall preserve and decide it after a decision in Estate of Hubert is handed down.

Thus, there are two issues presently to decide in this case. The first is whether under the language of the will, $90,000 was

---

[2] Petitioner and respondent agreed, and the Court entered a decision in Estate of Southern v. Commissioner, docket No. 2248-95 (Aug. 21, 1995), that deduction of the administration expenses from the estate income on the fiduciary income tax return of decedent's estate was proper. Thus, the issue for decision here will be whether the marital deduction must be reduced in the case of a residuary marital bequest where administrative expenses have been properly taken on the fiduciary income tax return.

improperly included in calculating the marital share (the amount passing to the marital trust which is part of the marital deduction in arriving at the Federal estate tax).  We hold that it was not improper.  Second, whether the language of the will requires that administration expenses be subtracted from the residuary estate.  We hold that it does not.

1.  <u>Specific Bequests</u>

Under item II of decedent's will, labeled "Specific Bequests", various personal items and $100,000 went to the widow, and bequests of $10,000 each went to all nine of decedent's named grandchildren.  All such legatees survived decedent.

Item III, titled "Bequest of Residuary Estate", provided in the first sentence:

> All the rest and residue of my estate * * * after subtracting therefrom the aggregate amount of deductions allowed by sections 2053 and 2054 * * * shall constitute my "residuary estate" and shall pass as hereinafter provided.  I hereby devise and bequeath my residuary estate as follows:  (1) the marital share, as hereinafter defined, to the Trustee to hold in a Marital Trust or Trusts for the use and benefit of my wife, Dorothy Irene Southern; and (2) the balance of my residuary estate (the non-marital share) to be divided as hereinafter provided.

Item I of the will names the executors.  Items II and III have been noted herein.  The remaining items of this lengthy will, except item X, mentioned hereinafter, are not material here.  They involve the later disposition of the trusts first set out by item II and administrative provisions.

Under the will, the marital share funds the marital trust and is "hereinafter defined." The nonmarital share is the balance of the residuary estate after deducting the marital share. The nonmarital share is allocated "as hereinafter provided."

The second paragraph of item III defines the marital share. It provides:

> The marital share shall be an amount equal to the value of my residuary estate, reduced by the largest amount which, when added to the amount of any adjusted taxable gifts made by me during my lifetime, will be subject to federal estate tax under section 2001 of the Internal Revenue Code of 1986, or any successor provision, at a marginal rate of less than 50%.

To calculate the marital share, we start with the residuary estate, as provided under the first paragraph of item III. Next we must calculate the largest amount (LA), which, when added to lifetime gifts (LG), will be taxed at a marginal rate of less than 50 percent. To tax the sum of the largest amount and the lifetime gifts at a marginal rate of less then 50 percent, we must consider the entire taxable estate. The entire taxable estate consists of the nonmarital share, as hereinafter determined, the lifetime gifts, and the bequests to the grandchildren (BG).[3]

---

[3] The specific bequests to the spouse would not be part of the taxable estate as those bequests qualify for the marital deduction.

Thus, we interpret the above sentence to mean, what amount, when added to lifetime gifts, will cause the taxable estate (TE) to be taxed at less than 50 percent? The only unknown in our equation is the largest amount, or LA. Under section 2001, the marginal amount (MA) taxed under 50 percent is $2,499,999. It is agreed by the parties that the amount of the lifetime adjusted taxable gifts was $35,573.

The taxable estate has three components: The bequests to the grandchildren, the lifetime gifts, and the largest amount, which will be the same as the nonmarital share. Thus TE is equal to BG + LG + LA. The taxable estate must be equal to the marginal amount, which is $2,499,999. Therefore TE is equal to $2,499,999. Because the values of TE, BG, and LG, are known, the value of LA is determined by subtracting BG and LG from TE. Thus, our formula is TE - (LG + BG) = LA. Therefore, LA = $2,374,426, which is $2,499,999 less the sum of $90,000 and $35,573. The nonmarital share is $2,374,426. The residuary estate is $2,576,677.11, and, when reduced by the nonmarital share, leaves a marital share of $202,251.11. This was the amount shown on the estate tax return.

Respondent argues that we must not include the bequests to the grandchildren when making the computation. Respondent insists that the above-quoted sentence instructs us to reduce the residuary estate by some amount which when added to lifetime gifts would be taxed at less than 50 percent. Respondent asserts

that the formula should be LG plus LA equals MA, or LA = MA - LG. Under this approach, LA equals $2,464,426, which is $2,499,999 - 35,573. Although the language of the will is less than crystal clear, we agree with petitioner for two reasons.

In order to give meaning to the term "marginal amount", we must consider the entire taxable estate. Second, we find that petitioner's version of the will identifies a sensible intent, to have the taxable estate taxed at less than 50 percent. This is a logical tax planning scheme. Respondent's assertion evidences no sensible intent. Although there is no requirement that a will be sensible or logical, when there is a discernible intent, and the language lends itself to more than one interpretation, we adopt the interpretation that is consistent with the intent of the will and gives full meaning to every word and clause. Bookwalter v. Lamar, 323 F.2d 664 (8th Cir. 1963). We conclude that decedent intended the computation be made with reference to the entire taxable estate.

Respondent argues incorrectly that petitioner is including the $90,000 gifts to the grandchildren in the computation of the marital deduction. The dollar amount may be the same, but petitioner has not included the $90,000 bequest to the grandchildren in the marital deduction; rather, it has increased the marital share, and therefore the marital deduction, by $90,000 to offset the presence of the $90,000 bequest in the taxable estate. The $90,000 increase to the marital share is

taken from other assets in the residuary estate, of which these bequests to the grandchildren do not form a part.

## 2. The Option of Where To Take the Deduction

The second issue to be decided is whether the language of the will requires that an amount equal to the administration expenses be subtracted in arriving at the residuary estate, regardless whether such administration expenses are paid from estate income or corpus.

The first sentence of item III provides that the residuary estate is the amount of estate remaining after bequests, i.e., the rest and residue, less deductions allowed under sections 2053 and 2054. Respondent asserts that this language requires that any expenses allowed under sections 2053 and 2054 be deducted from the gross estate to determine the residuary estate. Petitioner argues that section 2053 (there being no section 2054 expenses) does not "allow" deductions. That section merely specifies those classes of deductions which are "allowable". The Commissioner "allows" these deductions upon examination and approval of the estate tax return, Form 706. Since certain administration expenses were claimed on Form 1041, U.S. Fiduciary Income Tax Return, of the estate, pursuant to section 642(g), they were not claimed or "allowed" for estate tax purposes.

We agree with petitioner. Item X of decedent's will, "Provisions Relating to the Executor", provides:

    4.  The Executor may (a) <u>elect</u> to use the costs of
    administration of my estate as deductions for federal estate
    tax purposes or federal income tax purposes, and (b) elect
    to use date of death values or optional values for federal
    estate tax purposes *  *  *  [Emphasis added.]

The will gives the executor discretion as to how to account for
the administration expenses.  This provision bolsters
petitioner's argument, because it clarifies the idea that it was
to be determined after death whether any administration expenses
would be claimed under section 2053.  We conclude that the will
does not require the residuary estate to be diminished by an
amount equal to the administration expenses that were not in fact
claimed or allowed under section 2053 and were instead properly
deducted from estate income.

Petitioner's motion for summary judgment will be granted in
part, in that the $90,000 bequest was properly included in
calculating the marital share, and in that the language of the
will does not require that administration expenses be subtracted
from the residuary estate thus decreasing the marital deduction.
Respondent's motion for partial summary judgment will accordingly
be denied in part.  The balance of the case will be reserved for
future resolution.

<u>An appropriate order</u>

<u>will be issued</u>.